OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS


January 12, 2000

Ms. Patty J. Williams                                    Opinion No. JC-0166
Board Chair
Texas Automobile Theft Prevention Authority              Re:  Whether the Texas Automobile Theft
200 East Riverside Drive                                 Prevention Authority may by rule exempt
Austin, Texas 78704                                      single interest insurance policies from the
                                                         fee imposed by article 4413(37), section
                                                         10(b) of the Texas Revised Civil Statutes
                                                         (RQ-0087-JC)

Dear Ms. Williams:

You have asked this office whether the Texas Automobile Theft Prevention Authority ("the Authority") may by rule exempt a particular kind of insurance coverage, namely the so-called "single interest" policy, from the assessment of a statutory fee. Because the fee is mandated by statute, we conclude that the Authority may not do so.

The Authority, established by article 4413(37) of the Revised Civil Statutes, is charged inter alia with developing and implementing a plan of operation which must include "an assessment of the scope of the problems of automobile theft and economic automobile theft, . . . an analysis of various methods of combating the problems, . . . a plan for providing financial support to combat [such] theft . . . and an estimate of the funds required to implement the plan of operation." TEX. REV. CIV. STAT. ANN. art. 4413(37), § 7(b) (Vernon Supp. 2000). The Authority is also charged with the development of a statewide automobile registration program, under which owners of automobiles who do not usually use their cars at certain hours may register their cars with the Authority and receive identifying markers for them, with the understanding that police may stop such cars during the relevant period of time to assure that the cars are being driven by the owner or with the owner's permission. See id. § 9. Moneys appropriated to the Authority are to be used for establishing and funding the automobile registration program, supporting law enforcement agencies' economic automobile theft enforcement teams, supporting a variety of programs designed to reduce economic automobile theft, conducting anti-theft education programs for car owners, providing experimental equipment to assist car owners in the prevention of theft, and establishing a program to prevent stolen cars from entering Mexico. See id. § 8.

One of the methods of funding the Authority is the fee with which your question deals. Pursuant to section 10 of the statute, "An insurer shall pay to the authority a fee equal to $1 multiplied by the total number of motor vehicle years of insurance for insurance policies delivered,

issued for delivery, or renewed by the insurer." *Id.* § 10(b). That is to say, each policy on a motor vehicle delivered, issued for delivery, or renewed is to be assessed a $1 fee. The Authority has provided by rule that "[a]ll motor vehicle or automobile insurance policies as defined by Insurance Code, Article 5.01(e), covering a motor vehicle shall be assessed the $1.00 fee except mechanical breakdown policies, garage liability policies, nonresident policies and policies providing only non-ownership or hired auto coverages." 43 TEX. ADMIN. CODE § 57.48(a)(4) (1999).

Vendors of a particular kind of insurance policy called a Single Interest Automobile Physical Damage Insurance Policy (single interest policy) suggested to the Authority that such policies might be exempted by this regulation from the $1 fee on the ground that such policies were "non-owner-ship" policies. As we understand it, single interest policies are policies taken out by lien holders with a perfected lien on a motor vehicle "which secures the obligation owed to the lien[]holder by a borrower under a finance contract." Letter from Mr. David Durden, Associate Commissioner, Property and Casualty Division, Texas Department of Insurance, to Ms. Elizabeth Robinson, Chair, Opinion Committee (Sept. 10, 1999) (on file with Opinion Committee) [hereinafter "TDI letter of 9/10/99"].

The Authority took counsel of the Department of Insurance as to whether single interest policies were "non-ownership policies." It is the view of the Department of Insurance that they are not. "The Vendor Single Interest auto policy forms are not considered non-owner policies . . . ." Letter from Mr. Grover S. Corum, CLU, FLMI, Manager, Automobile Division, Texas Department of Insurance, to Mr. Gus De La Rosa, Director, [Automobile] Theft Prevention Authority (May 10, 1999) (on file with Opinion Committee). "In this situation, the lien[]holder 'owns' an interest in the motor vehicle, and for this reason, the policy is categorized as an owner's policy." TDI letter of 9/10/99, at 1.

Taking into account the view of the Department of Insurance, some of your members nonetheless wish to exempt single interest policies from the $1 fee "because of the nature of the policy." Letter from Ms. Patty J. Williams, Board Chair, Texas Automobile Theft Prevention Authority, to Honorable John Cornyn, Texas Attorney General (July 13, 1999) (on file with Opinion Committee). To that end, they wish to amend the rule at section 57.48(a)(4) of the Texas Administrative Code. You therefore ask whether the Authority has the power, in effect, to exempt this form of automobile insurance from the statutory fee by rule.

In our view, the Authority does not have that power. "An administrative agency may adopt a rule only if the rule is authorized by and is consistent with the agency's authority." Tex. Att'y Gen. Op. No. JC-72 (1999) at 4-5; *see also Railroad Comm'n v. Lone Star Gas Co., a Div. of Enserch Corp.*, 844 S.W.2d 679, 685 (Tex. 1992). While the Authority has general rule-making power pursuant to article 4413(37), section 6(a), and the power under section 6A(a) to "make determinations regarding the sufficiency" of payments by insurers of the statutory fee, it does not have power to set aside the plain language of the statute. *See Railroad Comm'n v. ARCO Oil & Gas, Co.*, 876 S.W.2d 473, 481-82 (Tex. App.–Austin 1994, writ denied). Pursuant to section 10(b), the Authority is to collect "a fee equal to $1 *multiplied by the total number of motor vehicle years of*

*insurance* for insurance policies delivered, issued for delivery, or renewed by the insurer." TEX. REV. CIV. STAT. ANN. art. 4413(37), § 10(b) (Vernon Supp. 2000) (emphasis added). The formula, in short, is based upon policy years, not upon the number of automobiles insured. If a motor vehicle is insured under more than one policy, then the statute requires that its insurer or insurers be assessed the $1 fee for each policy delivered, issued, or renewed on it. There appears to be no suggestion here that a single interest policy is not a motor vehicle insurance policy under the terms of article 5.01(e) of the Insurance Code, which in pertinent part defines such insurance as "*every* form of insurance on *any* automobile or other vehicle hereinafter enumerated and its operating equipment . . . ." TEX. INS. CODE ANN. art. 5.01(e) (Vernon Supp. 2000) (emphasis added). Therefore, article 4413(37), section 10(b) requires the collection of the $1 fee on every single interest policy delivered, issued for delivery, or renewed by an insurer.

## S U M M A R Y

The Texas Automobile Theft Prevention Authority may not by rule exempt single interest insurance policies from the assessment of a fee mandated by article 4413(37), section 10(b) of the Texas Revised Civil Statutes.

Yours very truly,

**JOHN CORNYN**
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee